**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| JUANITA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.:  4:21-cv-49-HLM-WEJ |
| vs. | ) | |
| | ) | Jury Demand |
| VANGUARD NATIONAL | ) | |
| TRAILER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C.

§ 12101, et seq. (ADA), as amended by the ADA Amendments Act of 2008

(ADAAA), and the Family and Medical Leave Act of 1993, as amended (FMLA),

Plaintiff files this lawsuit against Defendant and alleges the following.

### Parties and Jurisdiction

1.     The Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. § 1331.

2.     Defendant Vanguard National Trailer Corporation is a Delaware

corporation that does business in Georgia.  Its principal office address is 289 E.

Water Tower Drive, Monon, Indiana, 47959.  Its registered agent for service of

process is in Georgia is Corporation Service Company, 40 Technology Parkway

South, Suite 300, Norcross, Georgia, 30092.

3.      Defendant has a facility located in Trenton, Georgia.

## Facts

4.      Defendant manufactures semi-trailer vans and sells equipment and

aftermarket parts at its facility in Trenton, Georgia.   Defendant distributes its

products across state lines and throughout the United States.

5.      Plaintiff was employed by Defendant as a machine operator at its

facility in Trenton, Georgia from approximately July of 2017 until she was

terminated on March 16, 2019.  She was paid an hourly wage for her work.

6.       Plaintiff's duties included assembling portions of the trailer vans that

were manufactured by Defendant.

7.      Defendant employed 50  or  more  employees  for  each  working  day

during each of 20 or more calendar workweeks in 2018 and in 2019.

8.      Defendant employed more than 50 employees within a 75-mile radius

of Plaintiff's worksite.

9.      Plaintiff had well over 1,250 hours of service with Defendant during

the 12-month period before she requested leave.

10.      While Plaintiff was employed by Defendant, she suffered from a

medical condition called "vertigo."  The condition caused Plaintiff to feel dizzy and experience nausea and headaches.  Plaintiff has been under the care of a doctor for her condition since she was diagnosed with it.

11.     Plaintiff was able to perform the essential functions of her job with Defendant despite her condition.  The only manner in which Plaintiff's condition affected her job with Defendant, before the incident described below, was that it forced her to miss work on approximately two occasions for around two days each. Defendant was aware that Plaintiff had vertigo.

12.     On the evening of March 11, 2019, Plaintiff had an episode of dizziness due to her vertigo, which caused her to fall and hit her head.

13.     After informing Defendant about what happened and notifying Defendant that she would miss work on March 12, 2019, Plaintiff missed work that day and sought medical treatment.

14.     The doctor who treated Plaintiff ordered that she remain off work for a few days, and Plaintiff notified Defendant about the doctor's orders and that she would miss work.

15.     On March 15, 2019, Plaintiff brought her doctor's note to Defendant's facility in an effort to provide Defendant with medical information about her status, and to let Defendant know that she would be returning to work the next day.

At that time, on March 15, 2019, Defendant terminated Plaintiff's employment.

16.     Defendant never provided Plaintiff with a written FMLA eligibility notice, notice of rights and responsibilities, or designation notice.

17.     If Defendant had not terminated Plaintiff's employment on March 15, 2019, she would have returned to work on or about March 17, 2019, and would have continued to work in her position as machine operator.

18.     Plaintiff has sustained and continues to sustain lost wages and lost benefits as a result of Defendant's termination of her employment.

## Defendant's Violations of the ADA

19.     Defendant was engaged in an industry affecting commerce and had at least 15 employees for each working day in each of 20 or more calendar weeks during 2018 and 2019.  Accordingly, Defendant was an "employer" and a covered entity as defined by 42 U.S.C. § 12111(2) and (5).

20.     While she was employed by Defendant, Plaintiff had a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(A) and 12102(2).  More specifically, Plaintiff's vertigo, which caused dizziness, loss of balance, nausea, and headaches, substantially limited major life activities such as performing manual tasks, standing, walking, lifting, and/or working.  In addition, Plaintiff's condition and its

symptoms substantially limited the operation of major bodily functions that included the vestibular system and/or the brain.

21.    While she was employed by Defendant, Plaintiff had a record of a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(B) and 12102(2).

22.    While she was employed by Defendant, Defendant regarded Plaintiff as having a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(C) and 12102(2) and (3).

23.    Based on the foregoing, Plaintiff had a "disability" as defined by 42 U.S.C. § 12102(1).

24.    Plaintiff is an individual who, with or without reasonable accommodation, was able to perform the essential functions of her job as a machine operator.  Accordingly, Plaintiff is a "qualified individual" as defined by 42 U.S.C. §12111(8).

25.    Defendant discriminated against Plaintiff on the basis of disability with regard to the termination of her employment, in violation of 42 U.S.C. § 12112(a).

26.    As described in the Facts section above, the actions taken and conduct engaged in by Defendant that violated 42 U.S.C. § 12112(a) include, but are not

limited to:

(a)   failing to communicate and engage in an interactive process with Plaintiff in an effort to provide a reasonable accommodation, as required by 42 U.S.C. § 12112(b)(5) and federal regulations;

(b)   failing to provide a reasonable accommodation, as required by 42 U.S.C. § 12112(b)(5); and

(c)   terminating Plaintiff's employment due to her disability.

27.   Defendant's violations of the ADA were knowing, willful, and intentional.

28.   After Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), the EEOC issued Plaintiff a Notice of Right to Sue with a mailing date of January 21, 2021, which Plaintiff received thereafter.

## Defendants' Violations of the FMLA

A.   FMLA Coverage and Eligibility

29.   Defendant was a covered employer of Plaintiff as defined by 29 U.S.C. § 2611(4)(A) (i) and (ii) and 29 CFR 825.104(a) and (d).

30.    Pursuant to 29 U.S.C. § 2611(2), Plaintiff was an eligible employee under the FMLA.

31.    Plaintiff had a serious medical condition as defined by 29 U.S.C. § 2611(11).

32.    Pursuant to 29 U.S.C. §§ 2612(a)(1)(C) and (D) and 2614(a)(1), Plaintiff was entitled to FMLA leave of up to 12 weeks for her medical condition, and she was entitled to be restored to the same or an equivalent position after she returned from FMLA leave.

B.    Count 1—Interference with Plaintiff's Exercise of FMLA Rights

33.    Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking FMLA leave.

34.    By terminating Plaintiff's employment, Defendant unlawfully interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

35.    Defendants violated 29 C.F.R. § 825.300(b) by failing to provide Plaintiff with a written eligibility notice as required by the regulation.

36.    Defendants violated 29 C.F.R. § 825.300(c) by failing to provide Plaintiff with a written FMLA rights and responsibilities notice as required by the regulation.

37.    Defendants violated 29 C.F.R. § 825.300(d) by failing to provide Plaintiff with a written FMLA designation notice as required by the regulation.

38.     Pursuant to 29 C.F.R. § 825.300(e), Defendants' failure to follow the notice requirements set forth in 29 C.F.R. § 825.300 (b)-(d) constituted interference with, restraint of, and denial of Plaintiff's FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

39.     As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(1), Plaintiff has sustained and continues to sustain lost wages/income and lost benefits.

C.    Count 2—Retaliation in Response to Plaintiff's Exercise of FMLA Rights

40.     By taking leave due to her medical condition, Plaintiff engaged in protected activity under the FMLA.

41.     Defendant terminated Plaintiff's employment in retaliation for her taking leave for her medical condition.

42.     By terminating Plaintiff's employment, Defendant unlawfully discharged Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

43.     As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(2), Plaintiff has sustained and continues to sustain lost wages/income and lost benefits.

D.    Plaintiff's Entitlement to Recover Damages Under the FMLA

44.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(i), Plaintiff is entitled to recover lost wages and lost employment benefits.

45.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), Plaintiff is entitled to

recover interest.

46.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages.

47.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover attorney's fees, expert fees, and costs.

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that include the following:

(a)  back pay;

(b)  front pay;

(c)  damages for loss of benefits;

(d)  liquidated damages;

(e)  compensatory damages, including damages for emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, and harm to reputation;

(f)  punitive damages;

(g)  interest;

(h)  statutory attorney's fees;

(i)  the costs and expenses of this action; and

(j)  all further general legal and equitable relief to which she may be

entitled.

Plaintiff further demands a jury to try the issues when joined.


Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.1 (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown, (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff